UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENERGY PIPE & EQUIPMENT RENTALS, L.L.C. | CIVIL ACTION NO. 6:15-cv-01791 |
| VERSUS | JUDGE DOHERTY |
| SAVANNA ENERGY SERVICES (U.S.A.) CORP. | MAGISTRATE JUDGE HANNA |

## SUA SPONTE BRIEFING ORDER

Defendant Savanna Energy Services (U.S.A.) Corp. removed this action from the 15th Judicial District Court, Lafayette, Louisiana, alleging that this Court has subject-matter jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum.  The record shall reflect that the undersigned conducted a review of the pleadings and finds that, at the time of removal, the parties were diverse and the amount in controversy exceeded the jurisdictional minimum.

However, the amended complaint added two new defendants, Savanna Drilling, LLC and Savanna Energy Services Corp.  The amended complaint alleges that Savanna Energy Services Corp. is a Canadian company with its principal offices in Canada.  It is, therefore, diverse in citizenship from the original parties to the suit.

The amended complaint alleges that Savanna Drilling, LLC is a limited liability company organized under the laws of Nevada with its principal offices in Texas. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business,[1] but the citizenship of a limited liability company is not evaluated on the same basis as that of a corporation.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[2] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[3] The diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[4] If any one of the members is not diverse, the company is not diverse. Because the members of the newly-added limited liability were not identified and

---

[1] 28 U.S.C. § 1332(c)(1).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[4] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

their citizenship was not addressed, the undersigned cannot determine whether the addition of this new party destroys diversity.

If the addition of the new parties to a lawsuit destroys diversity, the entire case must be remanded to state court. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[5]

Accordingly,

IT IS ORDERED that the removing defendant, Savanna Energy Services (U.S.A.) Corp., shall, not more than twenty-one days after the date of this order, file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The plaintiff will have seven days to respond to Savanna's submission.

Signed at Lafayette, Louisiana, this 21st day of July 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[5] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).